Gerald Barrett, SB# 5855
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, Arizona 85012
Tel:  602-279-1717
Fax: 602-279-8908
gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Butler as Trustee of the Plaintiff Taft-Hartley Trust Funds; Bryan Dewitt, as Trustee of the Plaintiff Taft-Hartley Trust Funds; Arizona Pipe Trades Health And Welfare Trust Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Pension Trust Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Defined Contribution Pension Fund, a Taft-Hartley Trust Fund; Arizona Pipefitting Trades Joint Apprenticeship Trust Fund, a Taft-Hartley Trust Fund; and; Pipe Trades Industry Program Of Arizona, a trust.<br><br>Plaintiffs,<br>vs.<br>Dial Mechanical Company, an Arizona corporation,<br><br>Defendant. | COMPLAINT |

Plaintiffs allege, as follows:

**COUNT 1:** *LMRA § 301 Action to Enforce Audit for the Period of January 1, 2013 through and including May 31. 2015.*

1.  As Plaintiff Trust Funds seek to enforce the terms of a collective bargaining agreement, this Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Complaint - 1

2. Venue is appropriate in Maricopa County, for among other reasons, the employee fringe benefit reporting forms and contribution payments at issue are received by the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

3. Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund, Plaintiff Arizona Pipefitting Trades Joint Apprenticeship Trust Fund and Plaintiff Pipe Trades Industry Program of Arizona (collectively referred to as "Trust Funds") are each the designated third-party beneficiary to an industry wide collective bargaining agreement between Local Union 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry (Union) and various contractors.

4. Each of the Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust incorporated by reference in said industry wide collective bargaining agreements and operates as a Taft-Hartley Trust Fund. See, 29 U.S.C. § 186.

5. Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

6. Each of the Plaintiff Trust Funds maintains its principal place of business in Phoenix, Maricopa County, Arizona.

7. Plaintiffs Bryan DeWitt and Aaron Butler are each duly appointed trustees of the Plaintiff Trust Funds.

8. Defendant Dial Mechanical Company is incorporated under the laws of the State of Arizona.

9. Defendant, at all times relevant herein, has and continues to transact business within the State of Arizona as a construction contractor, with its principal offices located in Coconino County, Arizona.

10. Defendant, at all times relevant, was bound by the terms of above described industry wide collective bargaining agreement which required, among other things,

Complaint - 2

Defendant to comply with the reporting and payment obligations described herein.

11. The collective bargaining agreement required Defendant to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds, listing the names of each employee performing covered work during the prior month and the number of hours worked by each employee.

12. The collective bargaining agreement provides that its terms "shall apply to and cover all employees of the Contractors employed to perform or performing all plumbing, heating, refrigeration, service and piping work. . ."

13. The collective bargaining agreement further required Defendant to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked pursuant to the contribution rates set forth in the collective bargaining agreement.

14. During the period of January 1, 2013 through and including May 31, 2015, Defendant regularly filed contribution reporting forms on a monthly basis purportedly in compliance with the reporting requirements and the payment obligations described in paragraphs 10 – 15 above.

15. Plaintiff Trust Funds audited Defendant's payroll record for the period of January 1, 2013, through and including May 31, 2015 and determined that Defendant failed to properly report the names of certain employees who had performed covered work; failed to otherwise report the number of hours worked by the non-reported employees; and otherwise failed to pay contributions for such unreported hours.

16. The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund and Plaintiff Arizona Pipefitting Trades Joint Apprenticeship Trust Fund are each incorporated by reference in the collective bargaining agreement.

17. Each Agreement and Declaration of Trust, identified in paragraph 16 above, expressly requires that Defendant pay liquidated damages if it fails to timely pay

all contributions due and owing.

18. As a result of not properly reporting all hours of covered employment that were worked for the period of January 1, 2013 through and including May 31, 2015, Defendant owes the following sums:

| Plaintiff | Contributions | Liquidated Damages | Total |
|---|---|---|---|
| Health and Welfare | $137,578.82 | $13,858.89 | $151,437.71 |
| Pension | $53,447.54 | $5,330.56 | $58,778.10 |
| Defined Contribution | $55,029.72 | $5,512.87 | $60,542.59 |
| Apprentice | $14,385.50 | $1,448.10 | $15,833.60 |
| PIPE | $4,703.20 | $0.00 | $4,703.20 |
| Total | $265,144.78 | $26,150.42 | $291,295.20 |

19. The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees including fees incurred in enforcing any judgment, auditing costs and court costs incurred as a result of collection efforts.

20. Plaintiff Trust Funds have incurred attorney's fees, court costs and other recoverable costs of collection including the auditor's charges in the amount of $4,500.00.

21. Plaintiff Trust Funds are entitled to recover pre-judgment interest.

**COUNT 2**: *ERISA § 515 Action to Enforce Audit for the Period of January 1, 2013 through May 31, 2105.*

22. Plaintiff Trust Funds incorporate by this reference those matters set forth in paragraphs 2 through 21.

23. Plaintiff Trust Funds second claim arises under, and jurisdiction is conferred in this Court by Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

24. By the acts and conduct alleged herein, Defendant has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

25. Plaintiff Trust Funds are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) to recover, among other things, the amount of unpaid contributions, liquidated damages, prejudgment interest, attorneys' fees including fees incurred in enforcing any judgment, audit costs and court costs incurred herein.

**COUNT 3:** *Preliminary and Permanent Injunction Relief Under ERISA § 515 for Future Obligations.*

26. Plaintiff Trust Funds incorporate by this reference those matters set forth above except for Paragraphs 1 through 25.

27. Absent entry of an order compelling Defendant's strict compliance with its reporting and payment obligations, including but not limited to its duty to accurately list the names of all employees performing covered work and the number of hours worked by each employee, Defendant most likely will breach such obligations for future months.

28. The likelihood of Defendant's future breaches is established by, among other facts and circumstances, that an audit of Defendant's payroll record for the period of January 1, 2008 through June 30, 2012 revealed Defendant had failed to properly report the names of certain employees performing covered work and the number of hours worked in near-identical fashion.

29. Absent timely receipt of Defendant's reporting forms accurately reporting the names of all employees performing covered work and the number of hours worked, Plaintiff Trust Funds will lack the ability to credit plan participants with hours worked creating the risk that such participants will lose health insurance eligibility and not obtain pension credits.

30. Defendant's likely future breaches will irreparably injure employee participants as well as increase costs for Plaintiff Trust Funds.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Trust Funds pray that the Court grant a money judgment in their favor and against Defendant Dial Mechanical Company for the period of January 1, 2013 through and including May 31, 2015 in the amount of $295,795.20 for

contributions, liquidated damages and auditing costs, along with all other monetary relief deemed by the Court to be appropriate including: pre-judgement interest and attorney's fees including attorney's fees incurred in collection of the monetary judgment.   .

      Plaintiff Trust Funds further request that the Court enter both a Preliminary and Permanent Injunction compelling Defendant to timely comply with all reporting and payment obligations for hours worked in June 2016 and all subsequent months.

      DATED this 20th day of June 2016.

                      WARD, KEENAN & BARRETT, P.C.

                      S/GERALD BARRETT
Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, Arizona 85012
Tel:  602-279-1717
Fax: 602-279-8908
gbarrett@wardkeenanbarrett.com

Attorney for Plaintiffs